# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 15, 2014

| | |
|---|---|
| * * * * * * * * * * * * * <br> KIMBERLY FAORO and TYSON        * <br> FAORO, as parents and natural guardians of * <br> H.E.F.,                                                          * <br>                                                                     * <br>         Petitioners,                                       * <br>                                                                     * <br> v.                                                              * <br>                                                                     * <br> SECRETARY OF HEALTH                        * <br> AND HUMAN SERVICES,                       * <br>                                                                     * <br>         Respondent.                                       * <br> * * * * * * * * * *   *  *  * | UNPUBLISHED <br><br><br> No. 10-704V <br><br> Special Master Dorsey <br><br><br> Interim Attorneys' Fees and Costs; <br> Expert Fees and Costs; Excessive <br> Hourly Rate; Excessive Billing <br> Hours. |

Martin A. Diaz, Martin Diaz Law Firm, Iowa City, IA, for petitioners.
Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

### I.   Introduction

On October 15, 2010, Kimberly Faoro and Tyson Faoro, as the parents and natural guardians of H.E.F., ("petitioners"), their daughter, filed a petition under the National Vaccine Injury Compensation Program ("the Program")[2] alleging that H.E.F. developed a seizure disorder

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, "the entire" decision will be available to the public.  Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) ("Vaccine Act").  All citations in this order to individual sections of the Act are to 42 U.S.C. § 300aa.

1

and developmental delay as a result of a Diphtheria-Tetanus-Pertussis ("DTaP"), Hepatitis B ("hep B"), polio ("IVP"), haemophilus influenza type B ("HIB"), pneumococcal ("PCV") and rotavirus vaccines that she received on December 28, 2007. An entitlement hearing was held in Washington, DC, on June 3-4, 2014. After consideration of the experts' testimony and discussions with the parties after the hearing, the parties agreed to work together to test H.E.F.'s siblings for the SCNIA gene mutation. Since the hearing, the parties have been working together to obtain that testing. The parties agree that a decision on entitlement will not be ripe until the genetic testing of the children is complete, and the parties have had a chance to review the findings with their respective experts.

During the status conference held after the hearing, counsel for petitioners stated that he anticipated filing an application requesting payment of interim attorney's fees and costs. See Order dated June 27, 2014. The undersigned encouraged the parties to confer with each other to reach an agreement on a reasonable amount for payment of petitioners' interim attorneys' fees and costs. Id. Petitioners filed their application for interim attorneys' fees and costs on July 18, 2014, seeking reimbursement for their experts' fees and expenses (Dr. Barbara Burton and Dr. Marcel Kinsbourne), in the amount of $49,229.92.

On August 15, 2014, petitioners filed a supplemental motion for interim attorneys' fees and costs requesting additional fees for their expert, Dr. Burton, in the amount of $5,150.00, for a total interim fee request of $54,379.92. Of the total, $19,799.00 is for Dr. Burton's expert fee and expenses she paid for her appearance at the hearing, $29,199.00 is for Dr. Kinsbourne's fees and costs, and the balance ($5,381.92) is for travel expenses and transcript costs.

On August 27, 2014, respondent filed her response objecting to petitioners' motion for interim attorneys' fees and costs and the subsequent supplemental motion on the basis that the Vaccine Act does not authorize interim attorneys' fees and costs. Respondent specifically objected to Dr. Kinsbourne's fees and costs on the basis that he is not experienced in the field of genetics and that his hourly rate and the number of hours billed are excessive. See Respondent's Response to Petitioners' Motion and Supplemental Motion for an Award of Interim Attorney's Fees and Costs ("Resp.'s Response"), filed August 27, 2014, at 8-9.

The undersigned encouraged the parties to work to reach agreement and the parties did so with regard to the travel expenses, transcript costs, and expert fees and costs submitted by Dr. Burton in the amount of $25,609.92. But the parties were unable to reach an agreement regarding Dr. Kinsbourne's fees and expenses. Joint Status Report, dated Sept. 16, 2014, at 2. Therefore, the sole issue to be decided is the amount that petitioners' should be paid for Dr. Kinsbourne's fees, which total $28,320.00.[3] Id. at 1.

## II.     Overview of Dr. Kinsbourne's Expert Fees and Respondent's Objections

Dr. Kinsbourne previously had a long career as a pediatric neurologist, but he concedes that he is not a geneticist and that he has not regularly treated patients in significant numbers or for seizure disorders since 1981. Tr. 126-127; 163. Since 1981, he has devoted his time to

---

[3] Dr. Kinsbourne's travel fees, totaling $879.00, were resolved by the parties and are not at issue. See Joint Status Report, Sept. 16, 2014, at 1.

research and teaching.  Tr. 129.  Dr. Kinsbourne has not treated children with Dravet syndrome, like H.E.F., because Dravet syndrome was not well known at the time he cared for children with epilepsy.  Tr. 163.

According to his invoice, Dr. Kinsbourne received the medical records, petition, and other initial documents in April 2012, and worked on the case through the date of the hearing in June 2014.  See Petitioners' Exhibit 2 to First Motion for Interim Attorneys' Fees and Costs.  Over that two year period, Dr. Kinsbourne billed a total of 64.05 hours.  Id.  For the time he spent reviewing medical records, medical literature and expert reports, and for attending and testifying at the hearing, Dr. Kinsbourne billed an hourly rate of $500.00 per hour (8.5 hours).  Id.  For drafting emails, he billed an hourly rate of $300.00 per hour (7.9 hours).  Id.  And for his travel time to and from DC for the hearing, Dr. Kinsbourne billed at a rate of $250.00 per hour. [4]  Id.

Respondent objects to paying Dr. Kinsbourne fees because he is "not well credentialed to opine in Dravet syndrome cases such as this one."  Resp.'s Response at 5; see also Harris/Snyder v. Dep't of Health & Human Servs., 2014 U.S. App. LEXIS (Fed. Cir. Jan. 28, 2014).  Further, respondent argues that Dr. Kinsbourne has no recent experience in caring for a patient with a seizure disorder, and has not cared for a patient with epilepsy since approximately 1981.  Id.

Respondent also objects to Dr. Kinsbourne's fee request on the basis that his hourly rate and the number of hours billed are excessive.  Resp.'s Response at 7 and 8.  Respondent recommends an hourly rate of $300.00 per hour.  Id. at 7.  As for the number of hours billed, respondent argues that Dr. Kinsbourne's hours "should be reduced to reflect the fact that he is seeking payment for work that was duplicative of Dr. Burton's work, his own work in prior cases, or both."  Id. at 8.  But respondent does not state the number of hours she believes would be reasonable.

### III.     Analysis

### A. Applicable Legal Standards

Petitioners are entitled to an award of reasonable attorneys' fees and costs if the undersigned finds that they brought their petition in good faith and with a reasonable basis.  § 300aa-15(e)(1).  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008); Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372 (Fed. Cir. 2010); Woods v. Sec'y of Health & Human Servs., 105 Fed. Cl. 148, 154 (Fed. Cl. 2012); Friedman v. Sec'y of Health & Human Servs., 94 Fed. Cl. 323, 334 (Fed. Cl. 2010); Doe/11 v. Sec'y of Health & Human Servs., 89 Fed. Cl. 661, 668 (Fed. Cl. 2009); Bear v. Sec'y of Health & Human Servs., No. 11-362v, 2013 WL 691963, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2013); Lumsden v. Sec'y of Health & Human Servs., No. 97-588, 2012 WL 1450520, at *6 (Fed. Cl. Spec. Mstr. Mar. 28, 2012).

---

[4] Dr. Kinsbourne's invoice is filed as exhibit 2 to petitioners' Motion for Interim Attorneys' Fees and Costs filed on July 18, 2014. ECF No. 104.

3

A petitioner "bears the burden of establishing the hours expended." Wasson v. Sec'y of Health & Human Servs., 24 Cl. Ct. 482, 484 (1991) (affirming special master's reduction of fee applicant's hours due to inadequate recordkeeping), aff'd after remand, 988 F.2d 131 (Fed. Cir. 1993) (per curiam). Reasonable attorneys' fees are determined by "'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Special masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs, Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994), and may increase or reduce the initial fee award calculation based on specific findings. Avera, 515 F.3d at 1348.

In making reductions, a line-by-line evaluation of the fee application is not required. Wasson, 24 Cl. Ct. at 484, rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Id. Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

In Avera, the Federal Circuit stated, "Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. In Shaw, the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. Therefore, the undersigned finds that an award of interim attorneys' fees and costs, in order to reimburse petitioners for payment of their experts' services is reasonable and appropriate in this case.

### B. Analysis of Dr. Kinsbourne's fees

Dr. Kinsbourne has previously been awarded an hourly rate of $500.00, in other Program cases. However, the undersigned finds that Dr. Kinsbourne's requested hourly rate of $500.00 is excessive in this case. The award to Dr. Kinsbourne of $500.00 an hour in previous cases was notably unusual. See, e.g., Simon v. Sec'y of Health & Human Servs., No. 05-941V, 2008 WL 623833, at *6 (Fed. Cl. Spec. Mstr. Feb. 21, 2008); Adams v. Sec'y of Health & Human Servs., No. 01-267V, 2008 WL 2221852, at *2 (Fed. Cl. Spec. Mstr. Apr. 30, 2008). In other cases, he has been awarded less. See, e.g., Stone v. Sec'y of Health & Human Servs., No. 90-1041, 2010 WL 3790297, at *6 (Fed. Cl. Spec. Mstr. Sept. 9, 2010) (Dr. Kinsbourne awarded $300.00 per hour); Hammitt v. Sec'y of Health & Human Servs., No. 07-170V, 2011 WL 1827221, at *7 (Fed. Cl. Spec. Mstr. Apr. 7, 2011) (Dr. Kinsbourne awarded $300.00 per hour).

4

In Simon, petitioner requested that Dr. Kinsbourne receive an hourly rate of $500.00 for part of the time he spent on his case.[5] The Chief Special Master stated that

> Dr. Kinsbourne's billing request, as that of all experts, will be scrutinized for the efficient use of time and for time spent and required as an expert. That is, the expectation will be that the expert will bring to the case a reservoir of foundational knowledge that will not be refilled on the billable time submitted to the Program. It is understood that some vaccine cases raise rather unique issues requiring substantial research, which is acceptable. However, foundational research or research of the same issue in repeated cases will be found unacceptable, and not compensated.

Id. at *8.

The Chief Special Master noted that

> the parties and the court do agree that Dr. Kinsbourne's experience, qualifications, publications, academic affiliations, and active participation in Vaccine Program cases since its inception (insofar as knowledge should result in more efficient use of an expert's time), entitle[d] him to charge and receive a higher hourly rate than most petitioners' experts.

Id. at *7. Moreover, Dr. Kinsbourne has significant experience testifying in cases concerning injuries similar to those at issue in Simon, namely, encephalopathy and seizures. Id. This prior experience allowed Dr. Kinsbourne to "draw upon past work in the Program . . . to minimize the number of hours that otherwise would be necessary to work on a particular case," which justified a higher rate. Id. Therefore, the Chief Special Master found that Dr. Kinsbourne deserved an hourly rate of $500.00 because he was "credible and provided very good expert services" due to his "knowledge and efficiency." 2008 WL 623833, at *7. Dr. Kinsbourne was awarded an hourly rate of $300.00 for the time spent "consulting with counsel." Id. at *8.

Here, the record does not demonstrate that Dr. Kinsbourne's "specialized knowledge and experience" justifies his requested hourly rate of $500.00. In Simon, Dr. Kinsbourne billed 31.75 hours on the case, 2008 WL 623833 at *8, as compared to the 64.05 hours he billed on this case. In Simon, Dr. Kinsbourne was the only expert petitioner used in support of causation, as opposed to this case where petitioners rely on both Dr. Kinsbourne and Dr. Burton, a geneticist. Accordingly, the undersigned finds that a reasonable hourly rate for Dr. Kinsbourne is $400.00 for the hours Dr. Kinsbourne has billed at a rate of $500.00 per hour.

Dr. Kinsbourne billed a total of 64.05 hours in this case. Of those hours, 47.65 hours were billed at $500 per hour. Thus, Dr. Kinsbourne will be paid $400 per hour for 47.65 hours, for a total of $19,060.00. Dr. Kinsbourne will be paid half his hourly rate ($200/hr) for the 8.5 hours he spent traveling, for a total of $1,700.00. The remaining hours will be reimbursed at the rate billed, $300.00 per hour for a total of $2,370.00. Accordingly, petitioner is awarded

---

[5] In Simon, Dr. Kinsbourne requested an hourly rate of $300.00 for time spent prior to December 2006, and requested $500.00 an hour, thereafter. 2008 WL 623833, at *8. Respondent only objected to Dr. Kinsbourne's requested hourly rate of $500.00. Id. at *1.

5

$23,130.00, for Dr. Kinsbourne's expert fees. This results in a reduction of $5,190.00 from petitioners' interim attorneys' fee application.

The parties previously reached agreement for payment of $25,609.92 for travel expenses, transcript costs, and the expert fees for Dr. Burton. See Joint Status Report filed Sept. 16, 2014 at 1. Petitioners will be reimbursed for those costs as well. Petitioners are awarded $25,609.92 (agreed upon by parties) plus $23,130.00 (awarded in this decision) for a total of $48,739.92, in interim fees and costs.

### IV. Conclusion

Accordingly, a lump sum of **$48,739.92** shall be awarded in the form of a check payable jointly to petitioners and petitioners' counsel, Martin A. Diaz.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accord with this decision unless a motion for review is filed.[6]

**IT IS SO ORDERED.**

S/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review.